# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**ALFONSO ERNESTO ROWLAND, JR.**            **CIVIL ACTION**

**VERSUS**                                  **NO. 22-1716-WBV-JVM**

**BP EXPLORATION &**                        **SECTION: D (1)**
**PRODUCTION, INC., ET AL.**

## ORDER & REASONS

Before the Court is a Motion to Disqualify and/or Recuse District Court Judge Wendy Vitter, filed by plaintiff, Alfonso Ernesto Rowland, Jr.[1]  Defendants, BP Exploration & Production Inc. and BP America Production Company (collectively, "BP"), oppose the Motion.[2]  The Motion was set for submission on January 17, 2023.[3]  After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

---

[1] R. Doc. 15.  Plaintiff asserts that the undersigned should be disqualified under 28 U.S.C. § 455(a) because the undersigned's spouse's role as a member of Congress, his subsequent lobbying activities, and his employment with the law firm, Butler Snow, LLP, give rise to an appearance of impropriety in favor of the oil and gas industry.  R. Doc. 15-1 at pp. 2-11 & 14-19.  Plaintiff also claims that recusal is warranted under 28 U.S.C. § 455(b)(5) because the undersigned and her spouse have a financial interest that may be substantially affected by the outcome of the Deepwater Horizon litigation.  *Id.* at pp. 19-20.  While not a model of clarity, Plaintiff appears to argue that disqualification is warranted under 28 U.S.C. § 455(b)(5) because the undersigned's spouse lobbies on behalf of other petrochemical companies and, thus, "there is substantial support that your Honor and spouse have a significant financial interest in [the] petrochemical industry."  *Id.*

[2] R. Doc. 17.  BP asserts that, "This is the third disqualification motion filed by a DWH plaintiff.  The grounds alleged by Mr. Rowland are identical to those asserted by the unsuccessful plaintiffs in *Smith v. BP Expl. & Prod.*, No. 22-842, and *Bice v. BP Expl. & Prod.*, No. 14-1155.  In both cases, this Court performed a detailed evaluation of these arguments, concluding that they lacked merit."  R. Doc. 17 at p. 1 (citing *Smith v. BP Expl. & Prod.*, Civ. A. No. 22-842-WBV-JVM, 2022 WL 17403568 (E.D. La. Dec. 2, 2022) (Vitter, J.); *Bice v. BP Expl. & Prod.*, Civ. A. No. 14-1155, 2022 WL 17844617 (E.D. La. Dec. 22, 2022) (Vitter, J.)).  BP argues that the instant Motion should be denied because: (1) Plaintiff fails to raise any new grounds that were not already considered and rejected in *Smith* and *Bice*; (2) the Motion fails to mention, much less distinguish, *Smith* or *Bice*; and (3) the Motion is untimely.  R. Doc. 17 at p. 1.

[3] R. Doc. 16.

## I.      BACKGROUND & ANALYSIS

Plaintiff asserts that, "On October 31, 2022, Plaintiff filed a Notice of Filing Regarding Motion to Disqualify and/or Recuse District Court Judge (Doc. 16), which notified the Court of the pendency of a Motion to Disqualify in an unrelated BELO case, a ruling which would affect the instant case."[4]  On December 2, 2022, however, this Court issued an Order denying the motion to disqualify the undersigned in that "unrelated BELO case," *Smith v. BP Expl. & Prod.*, Civ. A. No. 22-842-WBV-JVM (E.D. La.).[5]  In *Smith*, the undersigned did not find it appropriate or necessary to recuse herself from any and all matters arising from the 2010 *Deepwater Horizon* oil spill, explaining that the plaintiff "raise[d] no compelling or persuasive grounds for disqualification," and that plaintiff's disqualification motion "appears to be an attempt to manipulate the integrity of the judicial system."[6]

Apparently wanting a second bite at the proverbial apple, the same law firm filed a nearly identical motion to disqualify the undersigned on behalf of two plaintiffs in another BELO case, *Bice v. BP Expl. & Prod.*, Civ. A. No. 14-1155 (E.D. La.).[7]  The plaintiffs in that case again argued that the undersigned should disqualify herself from all *Deepwater Horizon* litigation and raised the same grounds for recusal that this Court rejected not two weeks prior in *Smith*.[8]  The Court denied the motion to disqualify in *Bice*, pointing out that the memorandum in support of plaintiffs' motion

---

[4] R. Doc. 15 at p. 1 (citing R. Doc. 16 in *Smith*, Civ. A. No. 22-842 (E.D. La.)).
[5] *Smith*, Civ. A. No. 22-842, 2022 WL 17403568.
[6] *Id.* at *5.
[7] *See*, R. Doc. 66 in *Bice*, Civ. A. No. 14-1155 (E.D. La.).
[8] *Id.*

was "word-for-word the same as their memoranda in *Smith*."[9]   The Court also emphasized that the plaintiffs had failed to mention the Court's prior ruling in *Smith,* "despite the obvious relevance, nor do[] Plaintiff[s] attempt to distinguish *Smith* in any way."[10]   The Court further pointed out that it was "unaware of any development in the last few weeks that undermines that Court's position in *Smith* affirming that the undersigned could act fairly and impartially in all *Deepwater Horizon*-related matters," and that, "Plaintiffs' Motion, it appears, is little more than a motion for reconsideration of the Court's Order in *Smith*, and a frivolous one at that."[11]

The Court finds that Plaintiff's counsel has again presented the Court with a frivolous Motion to Disqualify that merely copies the same arguments that the Court has now twice rejected in *Smith* and *Bice*.   And, for the second time, Plaintiff's counsel has chosen to ignore the Court's prior rulings in *Smith* and *Bice*, wherein the Court rejected the baseless arguments now before the Court in the instant Motion.   The Court finds no reason to disturb its conclusion in *Smith* and in *Bice* that it "would be improper for the undersigned to disqualify herself."[12]   Accordingly, Plaintiff's Motion to Disqualify is denied for the reasons stated in *Smith* and *Bice*.

## II.   CONCLUSION

A judge has an affirmative duty not to disqualify herself unnecessarily. Because Plaintiff raises no compelling or persuasive grounds for disqualification here,

---

[9] *Bice v. BP Expl. & Prod.*, Civ. A. No. 14-1155, 2022 WL 17844617 at *2 (E.D. La. Dec. 22, 2022) (comparing R. Doc. 66-1 in *Bice*, Civ. A. No. 14-1155 with R. Doc. 16-1 in *Smith*, Civ. A. No. 22-842).
[10] *Bice*, Civ. A. No. 14-1155, 2022 WL 17844617 at *2.
[11] *Id.*
[12] *Id.; Smith v. BP Expl. & Prod.*, Civ. A. No. 22-842-WBV-JVM, 2022 WL 17403568, at *5 (E.D. La. Dec. 2, 2022).

and, importantly, because the undersigned can perform her duties in this matter fairly, impartially, and diligently, it is unnecessary and, indeed, would be improper for the undersigned to disqualify herself.

Accordingly, for the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Disqualify and/or Recuse District Court Judge Wendy Vitter[13] is **DENIED.**

New Orleans, Louisiana, January 18, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[13] R. Doc. 15.